FINNEY and others vs. THE CITY OF OSHKOSH.

By the charter of the city of Oshkosh, on the performance of any contract with the city for the grading and filling of a street, the street commissioners were to give the contractor certificates of the work done and the amount due therefor from the owner of each lot fronting on said street; and in case the amount specified in any such certificate was not paid before the time of making out the annual assessment roll, it was to be assessed upon the lot, and collected for the use of the holder of the certificate, as other taxes upon real estate were collected; and in no event, where work was ordered to be done at the expense of any lot, was either the city or any ward to be held responsible for the payment thereof.

Under these provisions it was the duty of the city to see that the amount chargeable upon any lot for such improvements, if unpaid, was included in the next annual assessment roll; and, if the taxes upon the lot remained unpaid, to take the steps prescribed by law for making the amount by a sale of the lot.

But where the city had performed these duties, and bid in the lot at the tax sale in the absence of any other bidder, it did not thereby become liable for the amount due upon the street commissioners' certificate and assessed upon such lot, but held the tax certificate as a trustee for the benefit of the person to whom such assessment was due, and would be liable only in case it should sell the tax certificate or collect the amount due on it from the owner of the lot.

APPEAL from the Circuit Court for *Winnebago* County.

This action was brought to recover from the *City of Oshkosh*

the amount due on a street commissioners' certificate for work
done under contract with the city in filling a street in front of
a certain lot. The complaint alleges, among other things, that
the amount of the certificate had been assessed upon said lot,
and the lot had been duly sold for the assessment and other
city taxes, and had been bid off by the city ; that soon there-
after said street commissioners' certificate had been duly pre-
sented to the common council of said city, and payment there-
of demanded and refused. A demurrer to the complaint was
overruled, and the defendant appealed.

W. R. Kennedy and C. Coolbaugh, for appellant.

G. W. Washburn, for respondent. [No brief on file.]

BY the Court, COLE, J. By the city charter the expense of
grading and filling the street mentioned in the complaint was
to be assessed and charged upon the lots fronting the street
upon which the improvement was made. Sec. 5, chap. 7,
Charter. See Priv. Laws of 1856, p. 245. The charter pro-
vided that upon the performance of any contract for work
chargeable to lots under its provisions, the street commission-
ers were to give the contractor a certificate under their hand,
stating therein the amount of work done by him, the nature
thereof, and the description of the lot upon which it was charge-
able, and in case the amount was not paid before the time for
making out the annual assessment roll, the same was to be as-
sessed upon the lot, and collected for the use and benefit of
the holder of the certificate as other taxes upon real estate were
collected. Sec. 9, chap. 7. And, by a proviso contained in
the section, it was expressly declared " that in no event, where
work is ordered to be done at the expense of any lot or par-
cel of land, shall either the city or any ward be held respon-
sible for the payment thereof." This language shows in the
clearest manner, that by the charter the expense of making
such improvements is not a general charge against the city,
but is made an exclusive charge upon the adjacent lots. The

counsel for the respondent argued and insisted that the city was liable to the contractor for the ultimate payment for all such improvements, because it let the contract, and the work was done under the direction of its agents.       But this is certainly an unauthorized assumption.       The city did not in any way undertake or become absolutely liable to pay for the work.       On the contrary, in no event was the work ordered to be done to become a charge upon the city or ward funds.       Undoubtedly the city had a duty to perform.       It was to see that the amount assessed upon the lot was included in the next annual assessment roll and collected with the other taxes.       It was to put the "proper machinery in motion" for making the money due on the certificate by a sale of the lot upon which it had been assessed.       This it appears the city did do, and the lot was sold for the assessment and bid in by the city.

The charter likewise provided that if at any sale of real or personal property for taxes or assessments, no one should bid, the same should be struck off to the city, which might receive the tax certificate in its corporate name, and sell and assign it to any purchaser.       Sec. 23, chap. 8.       When the city bid off the lot for this special assessment, it did not thereby become liable to pay such assessment.       It holds the tax certificate for the benefit of the party to whom such assessment is due.       If the city should sell the tax certificate or collect the money due upon it from the owner of the lot, then, as a matter of course, it should pay it over to the person entitled to receive it.       This is the extent of its duty and liability.       *Eilert v. The City of Oshkosh*, 14 Wis., 586.

In this case the owner of the street commissioners' certificate can secure his money either by taking the tax certificate from the city, and thus ultimately obtaining the land by a tax deed, or by waiting until the city finds some one willing to buy it.       At the time the contractor performed the work, he well knew that he must look to the land for his pay.       He must be presumed to have known that the city was not liable for the

improvement, and that he must wait until the money was made out of the property upon which it was assessed. The city has used all diligence to raise the money by assessing the expense of the work upon the lot and selling the same. And, though it was compelled to bid in the property at the tax sale, yet it did so in the capacity of a trustee for the benefit of the person to whom the money was due.

For these reasons we think the demurrer to the complaint was well taken. The order overruling it is therefore reversed, and the cause remanded with directions to dismiss the complaint.