SHEBOYGAN COUNTY VS. THE CITY OF SHEBOYGAN.

*February 7 — March 14, 1882.*

STATUTE CONSTRUED.    " *Unpaid taxes* " *include unpaid special assessments*
*for street improvements.*

1. The term " unpaid taxes," in the statute regulating settlements between
   town and county treasurers (sec. 1114, R. S.), includes unpaid special
   assessments for street improvements; and that statute is applicable to
   the defendant city, under its charter (Laws of 1877, ch. 29, sections
   10, 14), and R. S., sec. 4986.
2. Accordingly the defendant city is entitled to be credited by the county
   treasurer with the amount of special assessments for street grading, duly
   returned delinquent by the city treasurer. *Finney v. Oshkosh,* 20 Wis.,
   209, and *Jenks v. Racine,* 50 id., 318, distinguished.

APPEAL from the Circuit Court for *Sheboygan* County.

The complaint alleged that, in the taxes imposed upon cer-
tain property in the defendant city, in 1878, returned delin-
quent by the city to the county treasurer, and credited to the
former, there was included a special assessment for grading,
charged against certain lots, amounting to $362.60; that this
amount was charged back to the city by order of the county
board of supervisors, and apportioned to the city in 1880; and
that the city refused to pay the same. Judgment for that sum
and for certain collection fees, was demanded. A general
demurrer to the complaint was sustained; and plaintiff appealed
from the order.

*J. Q. Adams,* for appellant, contended, among other things,
that sec. 1114, R. S., is not applicable, and is inconsistent
with the charter of the defendant city, except so far as it may
apply to the general taxes. It provides that, upon the return
of the delinquent list to the county treasurer, " all taxes so
returned as delinquent shall belong to the county, and be col-
lected, with the interest and charges thereon, for its use." But
sec. 9, ch. XIII of the charter (ch. 254, P. & L. Laws of 1868),

provides that the amount due on any grading certificate shall be collected for the use and benefit of the holder of such certificate, that is, for the use and benefit of the contractor. If, therefore, the provisions of sec. 1114, R. S., were applied to this case, it would allow the city to take property that it did not and could not own, and convey it to the county in extinguishment of its own obligation to the county; and the county would acquire a good title to the property so conveyed. Such construction of the statute would bring it in direct conflict with sec. 13, art. I of the constitution. *Finney v. Oshkosh*, 18 Wis., 209; *Jenks v. Racine*, 50 Wis., 318.

*Conrad Krez*, for the respondent argued, among other things, that it was the duty of the county treasurer to give to the city treasurer credit for the amount in question, and quoted the opinion of the circuit judge in making his decision upon the demurrer, as follows:

"The demurrer presents the question, whether the treasurer of the city is entitled to credit for unpaid special assessments made under subch. XIII of ch. 254, P. & L. Laws of 1868, on his return of delinquent taxes to the county treasurer. Sec. 9 of said subch. XIII provides that if the amounts of such assessments are not paid, the same shall be assessed upon the lots and entered upon the tax roll and collected for the use and benefit of the holder of such certificate, as other taxes are collected by virtue of that act or by the laws of this state, and further provides that in no event shall the city be liable for the payment thereof.

"The special assessment is made a lien upon the land by the assessment and entry upon the tax roll. The only provisions in the charter relating to the collection of such assessments are contained in sec. 6, ch. 29, Laws of 1877, which takes the place of subch. XI of ch. 254, P. & L. Laws of 1868.

"Sec. 10, ch. 29 of 1877, in relation to special assessments, requires that the 'treasurer shall collect and do all other acts in relation thereto in the same manner as if the amount thereof

were a general tax.' Sec. 14 provides that 'if any taxes mentioned in said tax roll . . . shall remain unpaid either on real estate or personal estate, and he shall be unable to collect the same, he shall make out a statement of the taxes so remaining unpaid, . . . [which] with the affidavit attached . . . shall be called the delinquent list, and it shall be his duty to deliver such delinquent list to the treasurer of the county . . . and pay over to said treasurer all moneys . . . in the same manner as required by law of town treasurers.' The tax roll includes the special assessments, and if unpaid must be included in the delinquent list returned to the county treasurer. It is manifest from the various provisions of the charter cited, that such assessments are to be collected or returned as other taxes, and the duty of the city treasurer in relation thereto is the same.

" The supreme court of this state, in *Dalrymple v. The City of Milwaukee*, 53 Wis., 178, hold that assessments of the character in question are taxes, *expressly* overruling the New York cases to the contrary. See also *May v. Holdridge*, 23 Wis., 93.

" Therefore the charter of the city, if it does not in terms expressly incorporate the general laws of the state in reference to the return of the delinquent taxes and the credit to be given therefor, contains nothing inconsistent therewith; and when not inconsistent with their charters the Revised Statutes of 1878 apply to and are in force in all of the cities of the state. Sec. 4986. The provisions of ch. 49, R. S. 1878, on taxation, prescribe the duty of the defendant's treasurer, for it enacts that the provisions thereof relative to towns and town treasurers shall apply to cities and the treasurers thereof when the same are applicable, unless otherwise provided. Sec. 1151.

" Sec. 1112 prescribes what taxes shall be returned as delinquent (commencing substantially with the language used in the beginning of sec. 14, ch. 29 of 1877); and sec. 1114 pro-

vides ' that all taxes so returned as delinquent shall belong to the county and be collected for its use,' the treasurer to be credited with the amount of unpaid taxes.

" The city by the return of its treasurer having transferred to the county the duty under the statute of enforcing payment of delinquent taxes on lands, also passes to the county all interest in such taxes when collected, or interest in the land when sold for non-payment of the taxes, and should be credited with the amount of such taxes, paying over the balance only to the county. *Winchester v. Tozer*, 24 Wis., 312; *Wolff v. Stoddard*, 25 Wis., 503. See also, upon construction of the city charter, *State ex rel. Saar v. Hundhausen*, 26 Wis., 432.

" By sec. 1114 it is expressly provided that such delinquent taxes shall belong to the county and be collected for its use; and such section is applicable to cities when not otherwise provided by their charters, and it is not inconsistent with any part of the defendant's charter. While sec. 9 of subch. XIII, ch. 254, P. & L. Laws of 1868, makes it incumbent upon the city to collect special assessments for the benefit of the holder of the certificates, it does not impose that duty upon the county; and the latter cannot be made the trustee of the holder without express provision of law. There is no law to that effect. *Finney v. Oshkosh*, 18 Wis., 209, is not applicable; for, by the charter of the city of Oshkosh in force at that time, the city treasurer did not make a return of delinquent taxes to the county treasurer, but the city treasurer was authorized to make sale of lands for delinquent taxes and bid in for the city lands not bid off by other parties. The city in that case held the certificate on tax sale, whereas now the same is owned and held by the county. Sec. 17, subch. XI, ch. 254, P. & L. Laws of 1868, is no longer in force, having been repealed by sec. 6, ch. 29, Laws of 1877. The last named section provides as follows: ' The subdivision of said chapter 254, designated therein as chapter eleven, is hereby amended and revised to

read as follows:' omitting sec. 17. Where a later statute revises the subject matter of a former statute, it becomes a substitute for the former, and works a repeal. *State v. Campbell*, 44 Wis., 529, and cases cited; *Fire Department of Oshkosh v. Tuttle*, 48 Wis., 91.

"Sec. 6, ch. 29 of 1877, is a substitute for subch. XI, ch. 254, P. & L. Laws of 1868; and there remains no power in the county treasurer to return certificates to the city treasurer, as decided in *Jenks v. Racine*, 50 Wis., 318, under a provision similar to sec. 17.

"So far as appears from the complaint, no proper ground is shown for charging back to the city the taxes therein specified; and for aught that is alleged, the county may have sold the lands for the delinquent taxes, received the moneys and suffered no damage.

"If for any causes mentioned in the statute the taxes are declared illegal by the courts, or by resolution of the county board, they may be charged back to the city; but nothing of that kind is averred or suggested in the complaint.

"While the burden of the delinquent list is thrown upon the county, it has the power to reimburse itself by the sale of the delinquent lands; and if the taxes are found to be illegal, its interests are protected by the right, upon refunding the money paid to the holder of the tax certificate, to charge the amount back to the town or city which was allowed credit therefor. After careful examination, I am of the opinion that the demurrer to the complaint must be sustained."

Lyon, J. It is not alleged or claimed that the special assessment or tax was not legally levied, or that it is not a valid charge against the lots upon which it was imposed. The action is based solely upon the proposition that in his settlement with the city treasurer the county treasurer should not have allowed the amount of the grading tax or assessment, and therefore that the county had a valid claim against the city

for the sum thus improperly credited to the city. The learned circuit judge held that the city was entitled to the credit, and hence sustained the demurrer to the complaint. We are satisfied that the ruling is correct, and the grounds of our opinion will be briefly stated.

The law governing the settlement between the two treasurers is contained in the Revised Statutes, p. 360, sec. 1114. This is made perfectly clear by the provisions of the charter of the defendant city, contained in Laws of 1877, ch. 29, secs. 10 and 14, and of section 4986, R. S. Section 1114 provides that the town treasurer (or, as applied to this case, the city treasurer) shall be credited by the county treasurer with the amount of unpaid taxes returned by him, and that from thenceforth the same shall belong to the county. No discrimination is made between different kinds of taxes, or the different purposes for which they are imposed. The return may include state, county, town or city, ward, school or road taxes, or any special assessment whatever, authorized by law. These are not separately returned, but all unpaid taxes of every description on a given parcel of land are massed, and the aggregate amount of all is alone stated in the delinquent return. Section 1113.

If the return of the city treasurer, in the present case, was made in strict conformity with the statute, it does not show that it included any special assessment. To ascertain that fact, and the amount of such assessment, the county treasurer would be compelled to search the city records.

The principle of the statute is, that the county shall assume all delinquent taxes of every nature which have been legally levied in the several towns of the county, and in those municipalities therein which, like the defendant city, are under the general statute; and the county reimburses itself out of the proceeds of the sales for such delinquent taxes, or out of the lands sold, in case the county is the purchaser. The city treasurer retained in his hands, out of the taxes collected by him,

the amount of the grading tax, and the holder of the grading certificate was entitled to be paid that amount by the city treasurer as soon as the county treasurer gave him the proper credit. The cases relied upon by counsel to sustain the opposite view are *Finney v. Oshkosh*, 18 Wis., 209, and *Jenks v. Racine*, 50 Wis., 318; but they do not support his position. In *Finney v. Oshkosh* the delinquent lots were not returned to the county treasurer, but under the charter of that city were sold by the city treasurer for the non-payment of the grading assessment. The city was the purchaser at the sale, and held the certificate when the action was commenced.

In *Jenks v. Racine* the lots upon which the assessment was made were returned delinquent for that and other taxes, and were sold by the county treasurer, and bid in by the county. The charter of Racine contained a provision giving the county treasurer the option to pay the city " either in cash or in certificates of sale of the lots or parcels of land returned as delinquent." He chose the latter course, and delivered to the city treasurer the certificates of sale. The city still held the certificates when the action was brought. The original charter of Sheboygan contained the same provision. P. & L. Laws of 1868, ch. 254, subch. XI, sec. 17. But this provision was repealed by chapter 29, Laws of 1877, secs. 6, 11 and 14, and delinquent special assessments in that city come under the general statutes. In the above cases the respective cities were held not liable for the grading assessments because the same had not been paid. The distinction between these cases and the present case, and their inapplicability thereto, is perfectly obvious.

We have used the terms "assessment" and "tax" interchangeably, for they are so employed in the statutes which rule this case. Within the meaning of those statutes, a special assessment for the cost of grading is a tax. *Dalrymple v. Milwaukee*, 53 Wis., 178.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is affirmed.