STATE EX REL. DAMMANN, County Treasurer, Appellant, vs. CARNEY, City Treasurer, Respondent.

*May 27—June 17, 1914.*

*Taxation of incomes: Statute construed: Division of "revenue:" Method of remitting: Return of delinquent taxes.*

1. The words "revenue derived from such income tax" in sec. 1087*m*—23, Stats., which prescribes the proportion in which such tax shall be divided among the city, county, and state, mean the revenue derived at any stage of the proceeding for collecting the same, and do not relate merely to the cash actually collected at the time a city treasurer settles with the county treasurer.

2. When levied and assessed, income taxes become a part of the tax roll and are to be remitted and accounted for in the same manner as taxes upon property. In making his return of delinquent taxes, a city treasurer may charge to the county the delinquent income tax, less the delinquent personal property tax which, if paid, would be entitled to be offset against delinquent income tax.

APPEAL from an order and a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Action of *mandamus* by the county treasurer of Milwaukee county in his official capacity as relator against the city treasurer of the city of Milwaukee to compel a return of the income tax collected by the latter as specified in the alternative writ. Plaintiff demurred to defendant's return, and the trial court overruled the demurrer, quashed the alternative writ, and dismissed the proceedings. The plaintiff appealed from the order overruling the demurrer and from the judgment quashing the writ and dismissing the proceedings.

*Lyman G. Wheeler,* special assistant district attorney, for the appellant.

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *Garfield S. Canright,* assistant city attorney, and oral argument by *Mr. Canright.*


VINJE, J. The question presented by this appeal is whether the city treasurer of Milwaukee is entitled to charge the delinquent income tax, less the delinquent personal property tax entitled to offset against income tax if paid, to the county of Milwaukee in his return of delinquent taxes. In 1913 the entire income tax levy for the city of Milwaukee was $1,629,204.17. Of this sum $684,720.22 was offset by personal taxes paid. The city collected $865,077.35 in cash, and the balance, $79,406.60, was delinquent. There was a sum of $4,126.17 of delinquent personal property tax, which, if paid, would be entitled to be offset against delinquent income tax if paid. In the return made by the city treasurer he charged against the county of Milwaukee the delinquent income tax of $79,406.60 less the sum of $4,126.17 above mentioned, and the balance of the twenty per cent. of the entire levy of income tax he returned in cash, together with the ten per cent. due the state. The relator maintains that the

delinquent income tax should not be charged to the county; that it should receive twenty per cent. of the actual cash collected and the delinquent roll, and, when collections are made on the latter, repayments should be made to the city.

The statutes applicable to the controversy read:

Sec. 1087m—22, sub. 6. "In the return of delinquent income taxes as required by law the entire amount of each such delinquent income tax shall be returned to the county treasurer without division or apportionment. All laws, including the provisions of any city charter in conflict with this subsection are hereby repealed."

Sec. 1087m—23. "The revenue derived from such income tax shall be divided as follows, to wit: Ten per cent. to the state, twenty per cent. to the county and seventy per cent. to the town, city or village in which the tax was assessed, levied and collected, which shall be remitted and accounted for in the same manner as the state and county taxes collected from property are remitted and paid."

It is contended by the relator that the words "revenue derived from such income tax" mean cash derived, and that the provision for a division of seventy and twenty and ten per cent. relates only to cash actually collected, and therefore the city treasurer should give the county treasurer twenty per cent. of the cash collected and also turn over to him the delinquent income tax roll for collection. This is an erroneous interpretation of the words as applied to the situation at the time the city treasurer makes his return. The revenue derived from the income tax means the revenue derived at any stage of the proceedings for collecting the same, whether in the hands of the city or county treasurer. Were there any doubt about this construction it would be set at rest by the provision in the latter part of sec. 1087m—23 requiring the income tax to be remitted and accounted for in the same manner as the state and county taxes collected from property are remitted and paid. As to such taxes the city is credited by the county with the amount of the delinquent tax roll re-

turned and the latter belongs to the county. Secs. 1081, 1110–1115, Stats.; *Sheboygan Co. v. Sheboygan,* 54 Wis. 415, 11 N. W. 598. Sec. 1128, Stats., provides that uncollectible delinquent taxes shall be charged back to towns, villages, and cities. A complete statutory scheme for collecting, remitting, and charging back delinquent taxes was in force at the time the Income Tax Law was enacted and this scheme was in express terms made to apply to income taxes, thus obviating the necessity of recourse to any new or different method of remitting and accounting. This is so clear from the language used that it is not deemed necessary to analyze the different sections of the statutes relating to the return and collection of taxes to show how they apply to delinquent income taxes as well as to other taxes. Any other construction would throw confusion into the whole system, for it would leave delinquent income taxes without statutory provisions for remitting, collection, and accounting. When levied and assessed, income taxes become a part of the tax roll and in their method of remitting are treated as other taxes. Sec. 1087*m*—23 prescribes the proportion in which the whole income tax when collected in any stage of the process of collection shall be divided among the city, county, and state. It does not affect the *method* of remitting or accounting to the county. That is governed by the statutory scheme prescribed for taxes upon property which is in terms made applicable to income taxes. The return made by the city treasurer complied with the statutes relative thereto and the circuit court correctly so held.

*By the Court.*—The order and judgment appealed from are affirmed.