TOWN OF REMINGTON, Respondent, vs. WOOD COUNTY and another, Appellants.

*May 19—June 12, 1941.*

174

For the appellants there were briefs by *Chas. M. Pors,* district attorney of Wood county, the *Attorney General, Warren H. Resh,* assistant attorney general, and *A. H. Smith,* counsel for the State Conservation Commission, attorneys, and *Wm. J. P. Aberg* of Madison of counsel, and oral argument by *Mr. Pors, Mr. Resh,* and *Mr. Smith.*

For the respondent there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

ROSENBERRY, C. J.    It is apparent from a consideration of the pleadings that what the plaintiff seeks in this case is a general advisory opinion upon certain parts of the laws of this state relating to the taxation and sale of lands.    While it appears that certain lands are claimed to be owned by Wood county in fee simple, it does not appear from the allegations of the complaint that anyone has an interest in said lands, that is, no basis of fact upon which such interest arises is stated in the complaint.    We think with one exception no justiciable issue is presented by the pleadings in this case.

Most of the allegations, except those relating to the levy of the tax, its collection, and sale of the lands, are allegations about the law. We think, however, there is one question which may be fairly considered under the Declaratory Judgments Act, sec. 269.56, Stats., and that is the construction of ch. 405, Laws of 1929.

Prior to the adoption of that act, sec. 75.36 read:

"When any lands upon which the county holds a tax certificate shall not be redeemed as provided by law the county clerk shall execute to the county, in his name of office, a deed therefor, witnessed, sealed and acknowledged and in like form as deeds to individuals; and such deeds shall have the same force and effect as deeds executed by such clerk to individuals for lands sold for the nonpayment of taxes; but no such deed shall be issued until the county board shall, by resolution, order the same."

Ch. 405, Laws of 1929 (amending sec. 75.36), provides:

"The county taking such deed shall not be required to pay any delinquent or outstanding taxes on such land, the redemption value of any outstanding tax certificates, or interest or charges *until the land is sold by the county, or in the case of lands registered as forest crop lands, until the forest crop is taken off.* It the sum realized on such sale or from the severance of such forest crop is insufficient to pay all of the said taxes, delinquent taxes, certificates, or interest or charges, the amount realized shall be applied thereto and there shall be no further liability upon the county for the same."

The enactment of this statute modified the rule laid down in *Spooner v. Washburn County* (1905), 124 Wis. 24, 102 N. W. 325. In that case it was held that though the purchase of land at a tax sale is not a collection of the tax within the meaning of sec. 1114, Stats. 1898 (now sec. 74.19), yet the taking of a tax deed, vesting the title in the county and giving it full power of disposition, is such collection, and the county is chargeable under such circumstances with the redemption value of the tax certificate at the time the deed

was executed and for the redemption value of outstanding tax certificates on the land as well as all subsequent taxes remaining unpaid which were levied while the county owned the land, and that the county was liable to account therefor.

In *Bell v. Bayfield County* (1931), 206 Wis. 297, 301, 239 N. W. 503, considering ch. 405, Laws of 1929, the court said:

"It was the plain purpose of the enactment to relieve the counties from their statutory obligation to pay the towns the amounts due under the rule of that case until they should receive from the sale of the land money with which to pay."

The question of whether the county was under an obligation to sell was not presented by the record in that case. In this case the trial court was of the view that because under the law the county is the only bidder and the town is excluded from bidding, if the county is not obligated to sell the lands, it has acquired in such proceeding, it would operate to exclude the town from a valuable property right, which cannot be done. However, in *Bell v. Bayfield County, supra,* it was held that towns are agencies of the state and have no right to tax moneys which the legislature may not validly take away. We are unable to discover that the town of Remington has any vested right in the tax-collection process. It acts as an agency of the state in the levy, collection, and return of taxes. The town is therefore not excluded from a valuable property right, and hence no duty arises from that circumstance which requires the county to make sale of the land within any specified time.

The contention of the plaintiff that the relation of the county of Wood to the town of Remington is that of a trustee charged with the duty of either selling the certificates of sale or the lands of which it has taken title, cannot be sustained. Sec. 75.36, Stats., already set out, provides that the effect of a tax deed running to the county shall be the same as if executed by the county clerk to individuals.

Sec. 75.14 (1), Stats., provides: A general tax deed—

"shall vest in the grantee an absolute estate in fee simple in such land subject, however, to all unpaid taxes and charges which are a lien thereon."

It is therefore clear that the county gets an absolute estate in fee simple in the lands deeded to it. If the county is a trustee for the benefit of the plaintiff it is because it is under some duty to account to plaintiff. The statute provides that the duty to account arises when the lands are sold. It does not charge the county with a duty to sell. That is left to the discretion of the county. Its discretion is a legislative, not a legal discretion which can be controlled by the court. To hold that the statute requires the county to sell under any particular circumstance is to amend the statute,—to exercise legislative power which a court may not do.

It is argued by the plaintiff that as applied to tax deeds taken by the county, sec. 75.14 (1), Stats., merely vests in the county the right to convey an indefeasible title in fee simple to third persons. We do not so construe the statute. We think it is clear that the county takes an absolute title in fee simple, charged to account as provided in the statute when a sale is made.

However persuasive the argument made by plaintiff may be to the effect that good public policy requires that the county be obliged to make sale of the lands and account to the town, that argument presents a question for the legislature and not for the courts. Our whole tax-collection system was framed upon the theory that the lands taxed would always be worth many times the amount of the taxes levied against them. To insure that result limitations were placed upon municipal corporations with respect to taxes which they might levy. There have been cases before this court where it was argued that the value of the lands taxed did not equal the amount of the school tax, let alone the county and state taxes. The state has been slow to adjust itself to these changes. The factual situation

is a matter wholly within the province of the legislature. The legislature has provided that the county shall not be liable until a sale is made but has not required a sale to be made within any specified time. The reason that no time has been specified is very well stated in *Bell v. Bayfield County, supra.* If the county board in the exercise of the discretion vested in it by the legislature abuses its discretion, that presents a matter not for the court but for the legislature which so far has placed no limitations upon the exercise by the county of the power conferred upon it.

In order to be as helpful as the record permits, the court has construed the statute in the light of the allegations contained in the pleadings in this case. Other questions raised are not before us in this proceeding. Inasmuch as the demurrer to the answer searches the record, it is considered that the complaint states no cause of action except for the construction of the statute. The order will therefore be for a reversal of the order sustaining the demurrer to the answer with directions to enter judgment in accordance with this opinion.

Both parties by their pleadings seek a construction of the statute. If judgment is entered in the court below, it will of course be without costs, no costs to be taxed by either party upon this appeal except that the plaintiff, town of Remington, shall pay the clerk's fees.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings.