*395
 
 Fowler, J.
 

 The plaintiff is the owner of lots in the city of West Allis. Special assessments running over a series of years were levied against those lots to pay for improvements thereon. Bonds were issued to the contractors who made those improvements payable only out of the assessments so levied. These assessments when imposed were a lien on the plaintiff’s lots. The plaintiff claims that by reason of facts alleged those liens have been outlawed and brings action to have the court so adjudge and to free his lots from the.cloud resting thereon by reason of the original imposition.
 

 Answer to the complaint was made by the city of West Allis. Certain other defendants also answered. The plaintiff moved to strike the answer of the city of West Allis and for summary judgment in accordance with the prayer of the complaint on the ground that the answer stated no defense and that there is none to the action. Affidavits were presented by the plaintiff and the city of West Allis in support of and in opposition to the motion. This motion was duly served, pursuant to order to show cause upon all defendants who answered or appeared in the action. The motion was granted and judgment was entered as prayed. The defendant city of West Allis appeals from the judgment.
 

 From the complaint and answers and the affidavits accompanying the motion for summary judgment it appears that there is no dispute as to the facts. The sole questions at issue are of law and arise under the statutes. The assessments were levied under sec. 62.20, Stats. 1931, and the bonds issued under sec. 62.21 (2) (c). Both the bonds and the assessments are valid. The assessments involved are those of the years 1931 to 1934, inclusive. The assessments not having been paid whpn due the lots were sold pursuant to the statutes. No other bids being made the lots were bid in by the county treasurer, who holds the certificates of sale, upon which no payments have since been made. The primary difference between the parties arises from sec. 75.20 which provides that
 
 *396
 
 except as to tax sale certificates owned by counties and municipalities no deed shall issue or action be brought on a certificate after six years from its date; but that as to counties and municipalities the six years shall begin to- run on the assignment of the certificate and that in such case the limitation shall extend to fifteen years from date of the tax sale. The instant tax certificates have not been assigned. Thus if the certificates in suit are not owned by Milwaukee county or the city of West Allis the lien of the certificates is lost and the judgment must be affirmed. As to the ownership of the certificates the city of West Allis makes two contentions : (1) That the county of Milwaukee is the owner of the certificates and the fifteen-year limitation applies; (2) that the city has purchased for its fire and police pension fund some of the bonds to pay which the assessments were imposed and this carried ownership of the certificates and the fifteen-year limitation applies to' them. The plaintiff contends as to (1) that the county holds the certificates in trust only and that the real owner of the certificates is the owner of the bond for payment of which the assessments were made; and (2) that not the city of West Allis but the trustees of the fire and police pension fund are the owners of the certificates.
 

 (1) The contention of the plaintiff under (1) is ruled in his favor by
 
 Gross v. Sommers,
 
 225 Wis. 266, 269, 271 N. W. 11, 274 N. W. 255. It is there held that the county treasurer holds the tax sale certificates in trust to collect the assessment for the owner of the bond for payment of which the property was sold. The -owner of the bond is therefore the beneficial owner of the certificates. Within six years from the date of the tax sale the county treasurer may take a tax deed for the benefit of that holder or take any other remedy he may have to collect the amount covered by the certificates, but the deed in the one case or the money collected in the other case is held in trust for the owner of the bond. Sec. 62.20 (3) (c), Stats. 1931, controls the assessments here involved. That
 
 *397
 
 section is the same as the section so numbered in Stats. 1923 which controlled the assessments involved in the
 
 Gross Case,
 
 so that the construction there given constitutes a construction of the instant section. This seems sufficient to say upon this point unless the case of
 
 Remington v. Wood County,
 
 238 Wis. 172, 179, 298 N. W. 591, is to be taken as implying the contrary. The
 
 Wood County Case
 
 involved tax deeds taken by the county upon tax sale certificates which covered not only general taxes but special taxes imposed under drainage-district laws. The point at issue was whether the county, after having taken tax deeds, was obliged to sell the deeded lands for the benefit of the town which was entitled, when the county should sell the land covered by its tax deeds, to be paid so much of the amount received on the sale over the amount of the county tax covered by the certificates as was necessary to pay the taxes owing to the town. It was held that the county under its tax deeds took “an absolute estate in fee simple in the lands deeded to it.” No tax deed is here involved. And it is clear, by implication, from the reasoning of the
 
 Gross Case, supra,
 
 that when the county should sell the land it would hold the amount of the proceeds over the amount of the county taxes unpaid in trust for the benefit of the town for the town taxes and the excess over that for the drainage district. This would leave the rights of the town, the county, and the drainage district after the lands should be sold precisely as their rights were under the tax sale certificates on which the tax deeds were issued except that if the sale price of the land should exceed the amount of all the unpaid taxes against it the excess would belong to the county. We therefore do not perceive that the
 
 Wood County Case
 
 affects the application to the instant case of the construction of sec. 62.20 (3) (c) given in the
 
 Gross Case.
 

 (2) The city contends that by virtue of the purchase by the trustees of the pension fund of the bonds to pay which the assessments were levied the city became the beneficial
 
 *398
 
 owner of the certificates; that by virtue of such ownership it is entitled to have the fifteen-year limitation applied; that the fifteen-year period has not expired; and that the lien of the assessments is not lost. The plaintiff contends that the trustees of the fund are the owners of the bonds and the beneficial owners of the certificates; that the city not being obligated on the bonds has no interest whatever in the assessments; and that the trustees of the fund stand in the same position as .any nonpublic owner and the six-year limit applies to them.
 

 The trial court held that the city is not the owner of the bonds but the trustees of the pension fund are such owners and that the trustees not being a municipal corporation the six-year statute applies. We consider that it is immaterial under sec. 75.20, Stats., whether the city is the owner. If it is the owner, it holds the bonds as an investment — as a purchaser from the contractor to whom the bonds were originally issued. And as such owner, such ownership of the tax sale certificates as it has is by virtue of such purchase and not as the one to whom the certificates were issued. The exception to the six-year limitation of sec. 75.20 applies only to the county or a municipality to whom a tax sale certificate was originally issued not to one who has purchased a bond the tax for which the land was sold was imposed to pay. When a city so purchases, it stands in no better position, than any other purchaser would stand. The statute reads : “Such limitation [six years] shall not apply to certificates
 
 issued to and ozvned
 
 by counties or municipal corporations.” Under this express language ownership alone does not exempt frorii the six-year statute. As the six-year statute of limitation has run, the.defendant is without remedy to enforce the tax: and the lien thereof is lost.
 

 By the Court.
 
 — The judgment of the circuit court is affirmed.