SOMMERS, County Treasurer, Respondent, vs. CITY OF WAUWATOSA, Appellant.

*June 5—June 22, 1946.*

*Roy R. Stauff,* city attorney, for the appellant.

For the respondent there was a brief by *William J. McCauley,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

WICKHEM, J.   In 1937 the city of Wauwatosa constructed certain public improvements and paid the contractor in cash from its funds.   It thereupon levied a special-improvement assessment against the lands benefited.   This was spread on the 1937 tax roll.   The assessment became delinquent and was returned to plaintiff as county treasurer in trust for collection. The assessment was unpaid at the county tax sale and the land against which it was a lien was purchased by the county pursuant to sec. 74.42, Stats. 1937.   According to defendant the certificate was retained by the county treasurer in trust for the city as owner of the assessment.

According to plaintiff, the delinquent tax was returned by the city treasurer in trust for the owner of the underlying assessment, and the county treasurer's records do not inform him as to the identity of the owner, namely, whether the owner is a private person or a municipality.   Plaintiff claims that the assessment became outlawed on June 15, 1944, six years after the sale, and that it is his duty under sec. 75.20, Stats. 1943, to cancel this certificate.

The city contends that the limitation applicable in the situation is fifteen years, and that plaintiff may not cancel the certificate. Sec. 75.20, Stats. 1937, provided:

"From and after six years from the day of sale of any lands or lots heretofore or hereafter sold for the nonpayment of taxes by any officer of any county, city or village no deed shall be issued on the certificate or certificates issued on such sale and no action shall be commenced thereon; but such limitation shall not apply to certificates issued to and owned by counties or municipal corporations or to their assigns until the expiration of six years from the date of the assignment of such certificate by such county or municipal corporation; provided, no deed shall be issued or action maintained on any certificate whatever after fifteen years from the day of sale. . . ."

This section was amended by ch. 302, Laws of 1939, and by ch. 151, Laws of 1943, and prior to its repeal and re-creation in 1945 read:

"Except as to certificates owned by counties and municipal corporations, from and after six years from the day of sale of any lands or lots heretofore or hereafter sold for the nonpayment of taxes by any officer of any county, or city of the first class no deed shall be issued on the certificate or certificates issued on such sale and no action shall be commenced thereon; but such limitation shall not apply to certificates issued to and owned by counties or municipal corporations or to their assigns until the expiration of six years from the date of the assignment of such certificate by such county or municipal corporation. No deed shall be issued or action maintained on any certificate whatever after fifteen years from the day of sale and the lien of such certificate shall terminate and the county treasurer or treasurer of the city of the first class as the case may be shall cancel all such unredeemed tax sale certificates and shall make an entry in his record of unredeemed tax sales evidencing such cancellation. This section shall apply to all tax certificates now or hereafter outstanding. . . ."

The certificate here involved was more than six years old at the time the repeal and re-creation of sec. 75.20, Stats., went into force and the section as above quoted governs this case.

Briefly, it is contended by defendant that this certificate was issued to Milwaukee county and that it is owned beneficially by the city of Wauwatosa; that consequently its entire legal and beneficial ownership is in a county or municipal corporation, and that the fifteen-year statute applies.

Plaintiff contends that the fifteen-year limitation applies only to cases where the certificate is issued to *and* owned by counties or municipalities, and that while this certificate was issued to the county its beneficial ownership was in the city and neither city nor county can claim the fifteen-year limitation. Plaintiff relies on *Agnew v. Milwaukee County,* 245 Wis. 385, 14 N. W. (2d) 144, 14 N. W. (2d) 907. In that case the special improvement bond upon which the certificates were based were owned by the fire and police pension fund of the city. This court ruled upon the authority of *Gross v. Sommers,* 225 Wis. 266, 271 N. W. 11, 274 N. W. 255, that the county treasurer held the tax certificates in trust for the owner of the bond for the payment of which the property was sold; that the owner of the bond is the beneficial owner and that the six-year statute applies. A contention that by virtue of the purchase by trustees of its pension fund the city became the beneficial owner of the certificates, and was entitled to have the fifteen-year limitation applied, was rejected in the *Agnew Case.* The court said (p. 389a) :

"The exception to the six-year limitation of sec. 75.20 applies only to the county or a municipality to whom a tax sale certificate was originally issued not to one who has purchased a bond the tax for which the land was sold was imposed to pay. When a city so purchases, it stands in no better position than any other purchaser would stand. The statute reads: 'Such limitation [six years] shall not apply to certifi-

cates *issued to and owned* by counties or municipal corporations.' "

While the court in the *Agnew Case, supra,* was dealing with a situation where bonds had been issued to a contractor, we see no escape from the conclusion that three points were decided adversely to defendant: (1) That the person having the beneficial interest in the certificate is the owner; (2) that the exception in sec. 75.20, Stats., applies only to a county or municipality to whom a certificate was originally issued; (3) that if the certificate is issued to the county and beneficial ownership is in another, whether a city or a private person, the six-year statute of limitation applies. In view of this construction of the statute in the *Agnew Case* it must be held that the trial court correctly determined the controversy.

*By the Court.*—Judgment affirmed.