SUBURBAN INVESTMENT COMPANY, Appellant, vs. MILWAU-
KEE COÚNTY and others, Respondents.

*September 12—October 14, 1947.*

For the appellant there was a brief by *James E. McCarty,* attorney, and *Gabel & Dineen* and *Neal J. Gleason* of counsel, and oral argument by *John C. Doerfer,* all of Milwaukee.

For the respondents Milwaukee county and C. M. Sommers there was a brief by *William J. McCauley,* district attorney, *O. L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

*Joseph A. Barly* of Milwaukee, for the respondent town of Milwaukee.

FRITZ, J.    Plaintiff herein seeks to have judgment invalidating and canceling two tax certificates which were sold and issued on February 1, 1933, and August 1, 1933, respectively, to Milwaukee county as the owner thereof, on the ground that the issuance of deeds and commencement of actions thereon has become barred under the six-year period of limitation under sec. 75.20, Stats.    The two tax certificates were purchased by Milwaukee county, after taxes levied on premises owned by plaintiff for special assessments had been returned as delinquent by the town of Milwaukee to the county for credit, pursuant to sec. 62.21 (1) (d), Stats. 1931.    The certificates not having been redeemed within three years from the date of their purchase by the county, the redemption value

thereof was charged back to the town of Milwaukee, as a tax, on October 1, 1936, pursuant to sec. 62.21 (1) (h) 1, Stats. Therefore plaintiff contends that the tax certificates were not "issued to and owned by" the county within the meaning of sec. 75.20, Stats. 1937; that the town of Milwaukee is the owner of the beneficial interest therein; and that, consequently, the certificates became outlawed after six years from the date of sale to the county treasurer, to wit: On January 31, 1939, and July 31, 1939, respectively, in view of sec. 75.20, Stats., which reads:

"*Limitation on actions and issue of deeds.* From and after six years from the day of sale of any lands or lots heretofore or hereafter sold for the nonpayment of taxes by any officer of any county, city or village no deed shall be issued on the certificate or certificates issued on such sale and no action shall be commenced thereon; but such limitation shall not apply to certificates issued to and owned by counties or municipal corporations or to their assigns until the expiration of six years from the date of the assignment of such certificate by such county or municipal corporation; provided, no deed shall be issued or action maintained on any certificate whatever after fifteen years from the day of sale. . . ."

As the learned circuit judge stated in his decision denying plaintiff's motion for summary judgment and granting the town of Milwaukee's motion and adjudging the dismissal of the complaint,—

"Sec. 62.21 (1) (d) provides: 'If any instalment so entered in the tax roll shall not be paid to the city treasurer with the other taxes, it shall be returned to the county as delinquent general taxes on real estate.' The special assessments, here involved, were therefore returned in lieu of cash and accepted by the county in the same manner as delinquent general taxes which means that they 'belong to the county' and are to be collected by the county treasurer with the interest thereon. Sec. 74.19 (3), Stats. *Sheboygan County v. City of Sheboygan,* 54 Wis. 415. The argument of plaintiff to the effect that the county acts merely as a 'banker' and that the town is the bene-

ficial owner of the certificates and that only bare legal title is vested in the county, confuses the present case with that which exists where the county acts only in the capacity of trustee to collect for the benefit of the owner of the certificates. *United States National Bank v. Lake Superior T. & T. R. Co.* 170 Wis. 539, 542; *Agnew v. Milwaukee,* 245 Wis. 385. Admittedly from the time of the purchase [by the county] of the certificates in 1933 to the charge back to the town of Milwaukee in 1936, they were "issued to and owned by' the county and the fifteen-year statute, 75.20, Stats. 1937, was applicable. At the time of the charge back, there was no assignment of the certificates. Sec. 74.46 (2), Stats. *Hotson v. Wetherby,* '88 Wis. 324. Under the provisions of sections 62.21 (1) (d) and 74.19 (3) and 62.21 (1) (h) 2, Stats., the certificates were not only 'issued to' but continued to be 'owned by' the county after the charge back as before, notwithstanding the limited rights acquired by the town by reason of the charge back. *Agnew v. Milwaukee County,* 245 Wis. 385; *Sommers v. City of Wauwatosa,* 249 Wis. 165."

Because the certificates were "issued to and owned by" Milwaukee county, the six-year-period limitation prescribed by sec. 75.20, Stats. 1937, will not become applicable—

"until the expiration of six years from the date of the assignment of such certificate by such county; . . . provided, no deed shall be issued or action maintained on any certificate whatever after fifteen years from the day of sale."

Under and by this proviso a fifteen-year life is expressly given in cases where the certificates are "issued to and owned by a county or municipal corporation." Upon the return of the delinquent special-assessment taxes to the county treasurer "for credit" pursuant to sec. 62.21 (1) (d), Stats. 1931, they were to be "accepted and collected by the county in the same manner as delinquent general taxes on real estate." And sec. 74.19 (3), Stats. 1931, provides that "all taxes so returned as delinquent shall belong to the county and be collected, with the interest and charges thereon, for its use. . . ." Therefore when the delinquent special-assessment-tax items went to

tax sale in 1933, the resulting tax certificates were rightly not only sold and issued to Milwaukee county, but they were owned by the county. *Sheboygan County v. City of Sheboygan, supra.* Any moneys received in redemption of the certificates up to the date of October 1, 1936, when the then redemption amount of the tax certificates was charged back as a tax, would have been permanently retained by the county of Milwaukee because it owned the tax certificates. Thus the certificates in question clearly commenced their existence subject to the exception in sec. 75.20, Stats. 1931, and hence had a prospective fifteen-year life, which could only have been shortened by assignment thereof to a third party, whereupon and after which such certificates would have had, as provided in sec. 75.20, Stats. 1931, a life of six years from the date of such an assignment, but not to exceed fifteen years in any event. Admittedly no such assignment was resorted to or made. Although after the charge back on October 1, 1936, the town acquired certain rights in respect to the certificates and might have required the actual assignment and delivery thereof to the town, no such assignment was asked for nor made.

*By the Court.*—Judgment affirmed.